STATE OF NORTH CAROLINA v. LARRY DONALD MIDGETT, BRADLEY JOHNSON, DONNIE BLOUNT, MARTIN WAYNE COLLINS, LONNIE GIBBS, VAN GRAY GIBBS, HENRY VANDERBILT JOHNSON, JR., SAMMY LEE BRYANT, FELTON GIBBS, ALVIN SPENCER, CLARENCE COWARD AND BENJAMIN PHELPS

No. 702SC54

(Filed 27 May 1970)

**1. Criminal Law § 138— punishment — increased sentence in superior court**

It is settled law in this State that the imposition in a given case of a greater sentence in the Superior Court Division upon trial *de novo* than was imposed in the District Court Division is constitutionally permissible.

**2. Jury § 7— motion to quash jury venire**

The motion to quash the supplemental jury venire is directed to the sound discretion of the trial court, and in the absence of evidence of abuse of discretion will not be disturbed on appeal.

**3. Schools § 15— interruption of school — prosecution — sufficiency of evidence**

In a prosecution charging that defendants unlawfully and wilfully interrupted a public school in violation of G.S. 14-273, the issue of defendants' guilt was properly submitted to the jury, where the State's evidence tended to show that (1) the defendants entered the office of the secretary to the principal and told her that they were going to interrupt the school that day; (2) the defendants locked the secretary out of her office, moved furniture about, scattered papers, and dumped books on the floor; (3) the secretary and several teachers were kept away from their jobs or classes by these actions; (4) the defendants also occupied the principal's office and operated the bells that normally signalled the change of classes; and (5) the principal, as a result of the commotion, was forced to dismiss school prior to the regular closing hour. G.S. 14-273.

**4. Schools § 15— interruption of public school — instructions — conspiracy — harmless error**

In a prosecution charging that defendants unlawfully and wilfully interrupted a public school in violation of G.S. 14-273, charge of the trial court cited by defendants as improperly raising the question of conspiracy *held* not prejudicial to defendants where the evidence showed that each defendant was present in the locked office of the principal and participated in the conduct complained of, that "they" said "they" were going to interrupt the operation of the school, and that they did so.

APPEAL by defendants from *Fountain, J.,* 9 June 1969 Session of HYDE Superior Court.

The 12 defendants were charged with and convicted by a jury of unlawfully and willfully interrupting and disturbing a public school and defacing school furniture, a violation of G.S. 14-273, on 5 De-

STATE *v.* MIDGETT

cember 1968. Another charge in violation of G.S. 14-132 was dismissed by the trial judge.

The charges arose from a disturbance created when the named defendants entered the office of the secretary to the principal of O. A. Peay School in Swan Quarter. The testimony, in summary, tends to show: The defendants and others entered the office of the secretary while the principal, Mr. Simmons, was away from the school; the secretary knew or recognized most of the boys who were there; they informed her that "they were going to interrupt us that day" and she could either leave or stay in the room, but that she could not pass in and out as she normally did; and that if she stayed she could make such telephone calls as she wished. The secretary telephoned Mr. Simmons and then went to get Mr. Hunter, who normally was in charge in Mr. Simmons' absence. While she was gone, her room was locked, and she was not permitted to return to her office. According to the testimony, filing cabinets and tables were moved against the doors and interior windows to further bar entry.

Daniel Williams testified that he was teaching a class across the hall from the office at the time of the incident. He stated that he left that class to investigate the incident at the office and did not resume teaching that day.

Principal Simmons testified that when he returned to the school a little before 12 noon, he found that the office doors were locked and the bell system was being actuated manually from within the office. He determined that the "presence of persons who were not enrolled" and "commotion" necessitated the dismissal of school, and therefore he ordered the children walked to the buses and sent them home a little after noon and prior to the usual closing.

Officers were directed to remove the occupants of the principal's office. Upon the defendants' refusal to leave, the door to the office was forced open, the table pushed against it was moved, and the defendants arrested. Inside, furniture was in some disarray, water was on the floor, some books from the adjacent book storage room were lying in the water, papers were scattered about and the defendants had wet towels around their necks (apparently unnecessarily anticipating the use of tear gas by officers to gain entry).

Some shouting by the defendants was noted by Officer Parrish of the State Highway Patrol. He said that he saw defendants Sammy Bryant and Bradley Johnson move a file cabinet. He stated that other youths were shouting and clapping their hands in and about the building. There was no evidence that the children in the office made loud noises prior to the arrival of officers.

All of the defendants were tried in District Court, 6 on 11 December 1968, 5 on 18 December 1968 and 1 on 21 January 1969. Each was sentenced to 4 months in jail, suspended for 2 years on payment of $100 fine and on condition that each defendant be at his residence by 11:30 p.m. each night. All appealed to the Superior Court Division of the General Court of Justice at Hyde County.

A trial *de novo* was held in the Superior Court upon each defendant's plea of not guilty. A nonsuit was granted by the judge as to the count charging a violation of G.S. 14-132. The jury returned a verdict of guilty as charged in the other count. Judgment was entered imposing 12 months' imprisonment.

Defendants appeal to this Court assigning as error (1) that the sentences imposed in · Superior Court Division were improperly in excess of those imposed in the District Court Division; (2) that the trial court improperly refused to grant a motion to quash the supplemental jury venire and to allow defendants time to prepare an evidentiary showing in support of their motion; (3) that the court erred in denying defendants' motion for nonsuit; and (4) that the trial judge erred in his charge to the jury.

*Attorney General Robert Morgan by Staff Attorney Burley· B. Mitchell, Jr., for the State.*

*Chambers, Stein, Ferguson & Lanning by James E. Ferguson, II, for defendant appellants.*

CAMPBELL, J.

**[1]**    It is settled law in North Carolina that the imposition in a given case of a greater sentence in the Superior Court Division upon trial *de novo* than was imposed in the District Court Division is constitutionally permissible. *State v. Spencer,* 7 N.C. App. 282, 172 S.E. 2d 280 (1970), (Affirmed, North Carolina Supreme Court, 13 May 1970). This assignment of error has no merit.

**[2]**    The motion to quash the supplemental jury venire is directed to the sound discretion of the trial court, and in the absence of evidence of abuse of discretion will not be disturbed on appeal. *State v. Oxentine,* 270 N.C. 412, 154 S.E. 2d 529 (1967). The record discloses the following:

"MR. FERGUSON:   Now, your Honor, I have a motion to quash the Order for supplementary jurors. The defendants through their counsel make a motion to quash the Order for

supplementary jurors and to dismiss the panel which was drawn from Dare County on the grounds that black persons were systematically and arbitrarily excluded from the jury panel and that the population of Dare County does not reflect the racial makeup of Hyde County.

THE COURT: RULING: Upon the making of the motion the court asked defendants' counsel if he wishes to offer further evidence in support of motion and the court was advised by defendants' counsel that he did not at this time and a request was made for a delay to procure evidence in support of his motion.

The court finds that the Order for supplementary jurors was entered on May 24, 1969, after conferring with defendants' counsel and the solicitor, and a copy of the Order was immediately sent to the defendants' counsel, therefore, the request to delay the proceedings is denied. The motion to quash is ordered ruled denied.

MR. FERGUSON: The defendants except."

This assignment of error is without merit.

[3] On a motion of nonsuit, the evidence is taken in the light most favorable to the State. *State v. Goines*, 273 N.C. 509, 160 S.E. 2d 469 (1968). In that light, the evidence tends to show that the defendants entered the office of the secretary to the principal and told her "they were going to interrupt us that day." They locked the secretary out of her office, moved furniture about, scattered papers and dumped some books on the floor. She, Mr. Hunter and Mr. Williams were drawn or kept away from their jobs or classes by this action. School was dismissed because of the "presence of non-students" (both in and about the school and in the principal's office), disruption and "commotion," which included the occupying of the principal's office by the defendants and their operation of the bells which normally were used to signal change of classes and other scheduled events. None of the defendants had permission to occupy the office and none made any attempt to allow the proper officials to enter the office.

In *State v. Wiggins*, 272 N.C. 147, 154, 158 S.E. 2d 37 (1967), the elements of a violation of G.S. 14-273 were enumerated:

"Giving the words of G.S. 14-273 their plain and ordinary meaning, it is apparent that the elements of the offense punishable under this statute are: (1) Some act or course of conduct by the defendant, within or without the school; (2) an actual, material interference with, frustration or of confusion in, part

or all of the program of a public or private school for the in-struction or training of students enrolled therein and in attend-ance thereon, resulting from such act or conduct; and (3) the purpose or intent on the part of the defendant that his act or conduct have that effect. . . ."

We feel the evidence amply makes out all of the elements of the misdemeanor defined in G.S. 14-273.

[4] The portion of the charge of the trial court cited by the defendants as improperly raising the question of conspiracy was not prejudicial to the defendants. *State v. Donnell*, 202 N.C. 782, 164 S.E. 352 (1932). The evidence showed that each defendant was present in the locked office and participated in the conduct complained of. *They* said *they* were going to interrupt the operation of the school, and they did.

We find no error.

Affirmed.

PARKER and VAUGHN, JJ., concur.