## IN RE ELLER

[103 N.C. App. 625 (1991)]

IN THE MATTER OF: DEBBIE SUE ELLER

IN THE MATTER OF: NIKKI LOVE GREER

Nos. 9023DC1066
9023DC1098

(Filed 6 August 1991)

**Schools § 15 (NCI3d)— disrupting teaching of students—noises in classroom—juvenile adjudications**

Respondent juveniles' conduct substantially disrupted, disturbed or interfered with the teaching of students at a public educational institution in violation of N.C.G.S. § 14-288.4(a)(6) so as to support adjudications of delinquency where the State's evidence tended to show that each juvenile, while attending a high school mathematics class of four students, struck a metal radiator covering with her hand, and that a rattling, metallic noise was produced each time the covering was struck, causing the other students to stop what they were doing and to turn to the source of the noise, and causing the teacher to stop her lecture for fifteen to twenty seconds.

**Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 23; Schools §§ 263, 267.**

Judge PARKER dissenting.

APPEAL by respondent juveniles from orders entered 17 July 1990 by *Judge Michael E. Helms* in ASHE County District Court. Heard in the Court of Appeals 16 April 1991.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Jane Rankin Thompson, for petitioner appellee.*

*Kilby & Hodges, by John T. Kilby, for respondent juvenile appellant Debbie Sue Eller.*

*Grier J. Hurley for respondent juvenile appellant Nikki Love Greer.*

PHILLIPS, Judge.

The appeals are from orders adjudicating the named juveniles delinquent pursuant to G.S. 14-288.4(a)(6). In perfecting the appeals

**IN RE ELLER**

[103 N.C. App. 625 (1991)]

the appellants incorrectly captioned the cases as *State v. Debbie Sue Eller* and *State v. Nikki Love Greer,* and the above captions should be used hereafter. Since the cases are based upon the same charges and evidence and were tried together in the District Court, we consolidate them for the purposes of the appeal.

The juveniles were charged with disorderly conduct at Beaver Creek High School in West Jefferson, N. C. in violation of G.S. 14-288.4(a)(6) in that while they and other students were being instructed by a teacher they intentionally interfered with and disrupted the instruction by striking the classroom wall with their hands. G.S. 14-288.4(a)(6) provides as follows:

> (a) Disorderly conduct is a public disturbance intentionally caused by any person who:
>
> . . . .
>
> (6) Disrupts, disturbs or interferes with the teaching of students at any public or private educational institution or engages in conduct which disturbs the peace, order or discipline at any public or private educational institution or on the grounds adjacent thereto.

In construing former G.S. 14-273, which made it a misdemeanor to "interrupt or disturb any public . . . school," our Supreme Court said that words in a statute—

> are to be given their plain and ordinary meaning unless the context, or the history of the statute, requires otherwise.
>
> . . . .
>
> When the words "interrupt" and "disturb" are used in conjunction with the word "school," they mean . . . a substantial interference with, disruption of and confusion of the operation of the school in its program of instruction and training of students there enrolled.

*State v. Wiggins,* 272 N.C. 147, 153-154, 158 S.E.2d 37, 42 (1967) (citations omitted), *cert. denied,* 390 U.S. 1028, 20 L.Ed.2d 285 (1968). Appellants' only contention is that the evidence presented does not support the adjudications of delinquency. Thus, the dispositive question before us is whether the evidence tends to show that the conduct of the two juveniles substantially interfered with,

disrupted, and disturbed the teaching of students of the Beaver Creek High School on the occasion involved.

When viewed in the light most favorable to the State, the evidence tends to show that: While attending a mathematics class with two other students at Beaver Creek High School, each juvenile, while sitting at the rear of the classroom, slung or threw her hand backwards and struck the metal covering of a radiator attached to the wall behind her. The metal covering was struck "more than two or three times." Each time the covering was struck a rattling, metallic noise was produced that caused the other students to stop what they were doing and to turn to the source of the noise, and caused the teacher, Ms. Linda Weant, to stop her lecture for fifteen to twenty seconds. Ms. Weant saw each juvenile strike the radiator at least one time. Ms. Weant did not say anything about the occurrences at the time and the only thing that she did each time was to just stare at the juveniles for fifteen to twenty seconds. After the class was over Ms. Weant reported the incidents to the assistant principal who filed a juvenile petition.

In our opinion this evidence is sufficient to establish each of the material elements of the offense charged, *In re Bass*, 77 N.C. App. 110, 334 S.E.2d 779 (1985), and we affirm. The evidence supports the trial court's finding that each juvenile intentionally produced a noise that had the natural effect of substantially interfering with, disturbing and disrupting the instruction of the school class; that each juvenile was aware of the effect that striking the radiator cover had, and intended its consequences. *State v. Wiggins, supra.*

In arguing that the conduct testified to did not constitute disorderly conduct within the purview of the statute, appellants contrast their behavior with that held to be sufficient in *State v. Midgett*, 8 N.C. App. 230, 174 S.E.2d 124 (1970), where a group of students entered the principal's office, locked out the school secretary, defaced school property, and caused classes to be cancelled for the day. That is not the only way that students can substantially interfere with the teaching program of a school. G.S. 14-288.4(a)(6) forbids all substantial disturbances and disruptions of the teaching programs of our public schools, and giving the words of the statute their plain and ordinary meaning, it is clear to us that the rattling, metallic noises that appellants intentionally produced substantially interfered with, disturbed and disrupted

the school's teaching program for the class involved. That counsel for the appellants, as they state, have found no case which holds that conduct similar to appellants' is sufficient to violate G.S. 14-288.4(a)(6) is not persuasive; for we have found no case which holds that conduct similar to that recorded here is *not* sufficient to constitute a material disruption of and an interference with a school's instruction.

Affirmed.

Judge GREENE concurs.

Judge PARKER dissents with a separate opinion.

Judge PARKER dissenting.

I respectfully dissent. In my view the conduct upon which defendants were adjudicated delinquent, *i.e.*, striking the radiator in a class of four students, does not as a matter of law constitute a substantial disruption of the teaching program. *See State v. Wiggins*, 272 N.C. 147, 158 S.E.2d 37 (1967), *cert. denied*, 390 U.S. 1028, 20 L.Ed.2d 285 (1968); *State v. Midgett*, 8 N.C. App. 230, 174 S.E.2d 124 (1970). Unlike that in *Wiggins* and *Midgett*, defendants' conduct did not result in the termination or cancelling of classes, but rather in several repeated minor delays. While in my view a violation of N.C.G.S. § 14-288.4(a)(6) does not necessarily require the dismissal of an entire school or class, something more than mere delay and more disruptive than slapping the radiator must be shown. *See also In re Grubb*, 103 N.C. App. 452, 405 S.E.2d 797 (1991).

I, therefore, vote to reverse as to both defendants.