IN THE MATTER OF: M.G., JUVENILE

No. COA02-487

(Filed 4 March 2003)

**Juveniles; Schools— disorderly conduct—interference with operation of school—sufficiency of evidence**

The trial court did not err by denying respondent juvenile's motion to dismiss the charge of disorderly conduct under N.C.G.S. § 14-288.4(a)(6) where the evidence showed that respondent yelled an expletive to a group of students in the hallway approximately thirty yards away at school and a teacher left his cafeteria duties to escort respondent to the detention center to relate what happened to the proper personnel, because the evidence was sufficient to establish that the juvenile's conduct substantially interfered with the operation of that school.

Appeal by juvenile from order entered 11 December 2001 by Judge John J. Carroll, III in New Hanover County District Court. Heard in the Court of Appeals 8 January 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Richard H. Bradford, for the State.*

*Benjamin M. Turnage, for juvenile-appellant.*

HUDSON, Judge.

Respondent, M.G., who was fourteen years old at the time of the hearing, was adjudicated delinquent on 11 December 2001 in the district court in New Hanover County upon a violation of N.C. Gen. Stat.

§ 14-288.4(a)(6), which prohibits, *inter alia,* disorderly conduct on or around school grounds. We affirm.

Evidence at the hearing tended to show that on 11 October 2001, at approximately 11:00 a.m. at the Williston Middle School, Scott Slocum, a physical education teacher, heard respondent yell "shut the f—k up" to a group of students in the hallway, approximately thirty yards away. Mr. Slocum was assigned to lunch duty in the cafeteria and was on his way to the cafeteria at the time this incident occurred.

The hallway in question is long and narrow and contiguous with a lobby area. At the time of this incident, classes were in session in the four classrooms on the hallway. Mr. Slocum noted that the hallway should have been empty at this time.

Mr. Slocum left his position in the cafeteria and escorted Respondent to the school detention center. New Hanover Sheriff's Deputy Greg Johnson, the school's resource officer, and Clint Hardy, the dean of students, were present in the detention center. Mr. Slocum described the incident to Deputy Johnson and Mr. Hardy, then returned to the cafeteria and resumed his assigned duties.

The matter was heard on 5 December 2000 by Judge Carroll in the district court in New Hanover County. At the close of the evidence, Respondent moved to dismiss the disorderly conduct charge, which motion was denied. The court ordered that Respondent receive a Level 3 Disposition, committing him to the Department of Juvenile Justice and Delinquency Prevention for training school placement for a minimum period of six months, and on an indefinite commitment.

On appeal, Respondent argues that the trial court erred by failing to dismiss the disorderly conduct charge based on the insufficiency of the evidence. For the following reasons, we affirm the district court.

"[I]n order to withstand a motion to dismiss the charges contained in a juvenile petition, there must be substantial evidence of each of the material elements of the offense charged." *In re Bass,* 77 N.C. App. 110, 115, 334 S.E.2d 779, 782 (1985). "The evidence must be considered in the light most favorable to the State, and the State is entitled to receive every reasonable inference of fact that may be drawn from the evidence." *In re Brown,* 150 N.C. App. 127, 129, 562 S.E.2d 583, 585 (2002) (citing *State v. Easterling,* 300 N.C. 594, 604, 268 S.E.2d 800, 807 (1980)).

IN RE M.G.

[156 N.C. App. 414 (2003)]

N.C. Gen. Stat. § 14-288.4(a)(6) prohibits the following:

(a) Disorderly conduct is a public disturbance intentionally caused by any person who:

> (6) Disrupts, disturbs or interferes with the teaching of students at any public or private educational institution or engages in conduct which disturbs the peace, order or discipline at any public or private educational institution or on the grounds adjacent thereto.

N.C. Gen. Stat. § 14-288.4(a)(6) (2001). Our Supreme Court has held that the conduct must cause "a substantial interference with, disruption of and confusion of the operation of the school in its program of instruction and training of students there enrolled." *State v. Wiggins*, 272 N.C. 147, 154, 158 S.E.2d 37, 42 (1967), *cert. denied*, 390 U.S. 1028, 20 L. Ed. 2d 285 (1968); *see also In re Eller*, 331 N.C. 714, 417 S.E.2d 479 (1992).

Previous decisions of this Court and the Supreme Court shed light on the level of interference necessary to sustain a conviction of disorderly conduct. In *Wiggins*, the students were picketing the high school to protest alleged racial discrimination in the local jury pool. Classes were interrupted because students were leaving their seats and classrooms to see the demonstration outside. The Supreme Court sustained the convictions because the picketing created disorder in the entire school. *Wiggins*, 272 N.C. at 150-52, 158 S.E.2d at 39-41.

In *State v. Midgett*, the defendants took over the school office by force, telling the school's secretary that " 'they were going to interrupt [the school] that day.' " *State v. Midgett*, 8 N.C. App. 230, 231, 174 S.E.2d 124, 126 (1970). Defendants barricaded themselves in the office, overturned cabinets, and operated the school's bell system. *Id.* This disruption was so great that it necessitated early dismissal. *Id.* at 233, 174 S.E.2d at 127. This court held that such evidence "amply" satisfied the statute and upheld the convictions. *Id.* at 234, 174 S.E.2d at 128.

To the contrary, the Supreme Court reversed a disorderly conduct conviction where a teacher saw one defendant swing something at another student. When first asked, that defendant gave the teacher a carpenter's nail that he had in his hand. Later, that same defendant and another student banged the classroom's radiator while class was in session. The two students did so a couple of times, distracting a class of fifteen students each time. The Supreme Court

held that the evidence did not show substantial interference within the meaning of *Wiggins. In re Eller*, 331 N.C. 714, 718, 417 S.E.2d 479, 482 (1992).

Most recently, this Court affirmed the disorderly conduct conviction of a juvenile where the evidence showed that while teaching mapping skills to her class, the teacher heard defendant state in a loud, angry voice, "[f]—k you." *In re Pineault*, 152 N.C. App. 196, 197, 566 S.E.2d 854, 856 (2002), *disc. review denied*, 356 N.C. 302, 570 S.E.2d 728 (2002). This required the teacher to stop teaching the class and escort the defendant to the principal's office. This Court noted that "[w]hile the record does not indicate how long [the teacher] was away from the classroom, it does establish that she escorted respondent to the principal's office and explained to office staff what had happened, thereby indicating she was away from the classroom for more than several minutes." *Id.* at 199, 566 S.E.2d at 857. We went on to hold that "given the severity and nature of respondent's language, coupled with the fact that [the teacher] was required to stop teaching her class for at least several minutes, that respondent's actions substantially interfered with the operation of [the teacher's] classroom in the manner contemplated in *Wiggins.*" *Id.*

Here, Mr. Slocum was on his way to his assigned cafeteria duty when he heard Respondent yell "shut the f—k up" to a group of students. Mr. Slocum then escorted Respondent to the detention center, where he explained to Deputy Johnson and Mr. Hardy what had transpired. After that, Mr. Slocum returned to the cafeteria to carry out his assigned duties.

This evidence is very similar to that presented in *Pineault*, in both the nature and the duration of the disruption. Although the record before us does not reflect how long Mr. Slocum was kept from his cafeteria duties, it does establish that he escorted Respondent to the detention center and related what had happened to the proper personnel. As in *Pineault*, this evidence indicates that Mr. Slocum was away from his assigned duties for at least several minutes. Thus, we conclude that the evidence, viewed in the light most favorable to the State, was sufficient to establish that Respondent's conduct substantially interfered with the operation of the school.

Affirmed.

Judges MARTIN and STEELMAN concur.