LEVINSON, Judge.
 

 On 19 February 2002, respondent T.S.B. was adjudicated delinquent for the offense of common law robbery. Consequently, the trial court extended his existing juvenile probation for an additional twelve months. On 12 March 2003, a Motion for Review was filed alleging that respondent had violated his probation by, among other things, missing more than twenty days of school without valid excuse. On 14 April 2003, respondent was alleged in a petition to be delinquent based on disorderly conduct at school, a violation of N.C.G.S. § 14-288.4(a)(6) (2003). The two cases were heard at the 20 May 2003 Session of Robeson County District Court.
 

 The State's evidence tended to show that on 26 March 2003, respondent was fifteen years old and a seventh grade student at Fairmont Middle School. Officer Brian Duckworth, of the Robeson County Sheriff's Department Juvenile Task Force, was assigned to Fairmont Middle School as a resource officer whose responsibility was to keep the order and the peace at the school. On 26 March, at 8:15 a.m., Officer Duckworth was summoned by walkie-talkie to the school gym to respond to an incident involving respondent. The officer testified that respondent was in an area of the gym where he was not supposed to be, and that the students were in an "uproar" over an apparent confrontation between respondent and another student. He testified that when he arrived in the gym the teachers were pointing at respondent, who was already walking back toward the other side of the gym.
 

 When Officer Duckworth told respondent to go to his office and stand at his door until he arrived, respondent was truculent. After Duckworth ordered respondent "several times" to go wait at the office door, respondent left the gym but did not report to the office. Five or six minutes later, Officer Duckworth found respondent loitering just inside the school building. According to Officer Duckworth, he escorted respondent to his office where respondent reported that the problem between him and the other student in the gym had been resolved. The officer then sent respondent to class.
 

 Shortly after 10 a.m., Officer Duckworth was summoned to respondent's second period classroom because of problems there. Heasked respondent to come with him "at least six times," but respondent refused. The officer testified that respondent "said he was not going to go" and "wanted to argue about it." This hallway exchange between respondent, Officer Duckworth and the teacher lasted "five or six minutes," during which time the other students behaved as though they "thought it was play time." Officer Duckworth testified, "we needed to take him out of the situation so the teacher [could] get back to teaching her class," but respondent refused to leave. Officer Duckworth eventually proceeded to the assistant principal's office and reported that respondent was refusing to leave the classroom.
 

 The assistant principal had another child in her office, so Officer Duckworth waited outside her door. After "a minute" Duckworth looked up and saw respondent coming down the hall toward him. He told respondent to take a seat in the in-school suspension (ISS) room next to the assistant principal's office, but respondent refused. Officer Duckworth "had to ask him several times to do that" before respondent complied.
 

 Shortly thereafter Officer Duckworth was summoned to deal with respondent for the third time that day because respondent had reportedly walked out of the ISS room without permission. Officer Duckworth found respondent outside the closed door of the assistant principal's office. He entreated respondent to return to the ISS room, which he finally did.
 

 In support of the petition alleging respondent was in violation of his probation, the State presented the testimony ofDiana Washington, Juvenile Court Counselor, Judicial District 16B. Ms. Washington testified that she had been respondent's supervisor since he was initially placed under court ordered supervision on 30 November 2000, and that as of the date of the hearing, respondent had recorded sixty-one unexcused absences from school. She also testified that respondent had been a "constant discipline problem" at school, and that she had been called to the school on several occasions to counsel respondent about his behavior.
 

 Judge Moore found that respondent had violated G.S. § 14-288.4(a)(6) in that he "did unlawfully and willfully disrupt, disturb or interfere with the teaching of students or engage in conduct [that] disturbed the peace, order or discipline at Fairmont Middle School" by his "persistent disobedience and deliberate refusal to follow instructions, failure to stay in assigned areas and refusing to leave class." The court additionally concluded respondent was in violation of the terms of his juvenile probation. Pursuant to N.C.G.S. §§ 7B-2508(e) and 7B-2513 (2003), the court ordered respondent committed to the Department of Juvenile Justice and Delinquency Prevention for an indefinite term, not to exceed fifteen months. Respondent appeals.
 

 I.
 

 Respondent's first assignment of error is that the trial court erred by denying his motion to dismiss the disorderly conduct petition. Specifically, respondent contends that the record lacks sufficient evidence of a substantial interruption of the course of instruction at the school. Disorderly conduct is defined by statute as "a public disturbance intentionally caused by any person who . . . [d]isrupts, disturbs or interferes with the teaching of students at any public or private educational institution or engages in conduct which disturbs the peace, order or discipline at any public or private educational institution[.]" G.S. § 14-288.4(a)(6).
 

 In order to withstand a motion to dismiss the charges contained in a juvenile petition, there must be substantial evidence of each of the material elements of the offense charged.
 
 In re Bass,
 

 77 N.C. App. 110
 
 , 115,
 
 334 S.E.2d 779
 
 , 782 (1985). The evidence must be considered in the light most favorable to the State, and the State is entitled to receive every reasonable inference of fact that may be drawn from the evidence.
 
 In re Brown,
 

 150 N.C. App. 127
 
 , 129,
 
 562 S.E.2d 583
 
 , 585 (2002) (citing
 
 State v. Easterling,
 

 300 N.C. 594
 
 ,
 
 268 S.E.2d 800
 
 (1980)).
 

 This court has construed G.S. § 14-288.4(a)(6) to proscribe conduct that "substantially interfere[s] with the operation of school."
 
 In re Grubb,
 

 103 N.C. App. 452
 
 , 454,
 
 405 S.E.2d 797
 
 , 798 (1991). Previous decisions of this Court and of the Supreme Court illustrate the level of interference required to sustain a disorderly conduct adjudication in the school scenario. Such an adjudication was affirmed where the evidence showed, beyond a reasonable doubt, that a thirteen-year-old middle school student interrupted class by shouting obscenities in a loud, angry voice, requiring his teacher to escort him to the principal's office and explain what had happened.
 
 In re Pineault,
 

 152 N.C. App. 196
 
 , 566S.E.2d 854 (2002),
 
 disc. rev. denied,
 

 356 N.C. 302
 
 ,
 
 570 S.E.2d 728
 
 (2002). As the teacher escorted the student out of her classroom, he twice addressed her with foul language that evidenced "a clear disrespect for her authority."
 
 Id.
 
 at 199, 566 S.E.2d at 857. The Court held, "given the nature and severity of respondent's language, coupled with the fact that [the teacher] was required to stop teaching her class for at least several minutes, that respondent's actions substantially interfered with the operation of [the] classroom[.]"
 
 Id.
 
 ;
 
 accord In re M.G.,
 

 156 N.C. App. 414
 
 ,
 
 576 S.E.2d 398
 
 (2003) (affirming adjudication for delinquency based on disorderly conduct where juvenile yelled a profanity at a group of students).
 

 On the other hand, our appellate courts have vacated adjudications under G.S. § 14-288.4(a)(6) where the State has not produced sufficient evidence of a
 
 substantial
 
 disruption of teaching or disturbance of order at the school. Where a high school student had to be reprimanded several times before she would cease her loud talking during class, this Court held that although other students were distracted by the episode and started looking up from their work, this evidence alone was insufficient to support an adjudication for disorderly conduct.
 
 Grubb,
 

 103 N.C. App. at 454-55
 
 ,
 
 405 S.E.2d at 798
 
 . The Supreme Court reversed a disorderly conduct adjudication when it held that a fifteen-year-old student banging the classroom's radiator while class was being conducted did not constitute substantial interference of the kind proscribed by the statute: The class was "not interrupted for any appreciablelength of time or in any significant way," and the student's misbehavior "merited only relatively mild intervention by [her] teacher."
 
 In re Eller,
 

 331 N.C. 714
 
 , 719,
 
 417 S.E.2d 479
 
 , 483 (1992). More recently, this Court found that a middle school student had not violated the disorderly conduct statute when he talked during a test, slammed a door, and implored a teacher in the hallway that he not be sent to the office.
 
 Brown,
 

 150 N.C. App. at 127-28
 
 ,
 
 562 S.E.2d at 583
 
 .
 

 The facts in the case
 
 sub judice
 
 show that the disturbance created by respondent was substantial. Within the span of approximately two hours, three different teachers in three different school settings had to summon Officer Duckworth for assistance in attending to respondent because of his unruly behavior. On each occasion, respondent's disrespect for authority and his failure to follow the officer's directions clearly created a disturbance in the "peace, order [and] discipline" at the school. Moreover, in the second incident alone, the disruption to the class was substantial in that for several minutes the teacher had to leave the room, leaving the other students free to behave as though it were "play time." The State supplied sufficient evidence of disorderly conduct, such that the trial court did not err in denying respondent's motion to dismiss. This assignment of error is overruled.
 

 II.
 

 Respondent's second assignment of error challenges the sufficiency of the evidence upon which the court concluded that heviolated the terms of his probation. The State's evidence showed respondent was under a court order wherein he was ordered, among other things, to attend school regularly and to remain on good behavior.
 

 In a juvenile probation violation hearing, if the trial court finds by the greater weight of the evidence that a juvenile has violated the conditions of his probation, the court may continue the original conditions of probation, modify the conditions of probation, or order a new disposition at the next higher level. N.C.G.S. § 7B-2510(e) (2003).
 

 We have reviewed the record and find the State provided ample evidence from which the court could find respondent was in violation of the terms of his court ordered supervision. The evidence tended to show respondent had missed sixty-one days of school. This assignment of error is overruled.
 

 Affirmed.
 

 Judges WYNN and CALABRIA concur.
 

 Report per Rule 30(e).