IN RE: DAVID LARRY BASS

No. 8414DC1153

(Filed 1 October 1985)

1. **Infants § 16— juvenile charged with felonious larceny—no probable cause hearing—no prejudice**

There was no prejudice from the trial judge's failure to hold a probable cause hearing before adjudicating respondent delinquent even though respondent's counsel did not realize until its conclusion that the hearing was adjudicatory rather than to determine probable cause. The hearing had been set

as a hearing on the merits in open court, respondent and his counsel were present and made no objection, respondent's counsel gave no indication that he was not prepared or had not been furnished with requested discovery when the case was called, and respondent's counsel declined to present further evidence when given the opportunity to do so after he informed the court of his misunderstanding. A probable cause hearing is not conducted for purposes of discovery, the statement of a co-respondent which was not provided to respondent before the hearing was substantially more damaging than his testimony at the hearing, and respondent's counsel wisely limited his cross-examination of the co-respondent to an admission that he lied. G.S. 7A-609(a), G.S. 15A-606(a).

2. **Larceny § 7.7— juvenile—larceny of truck—evidence sufficient**

The trial court did not err by denying a juvenile's motion to dismiss the charge of felonious larceny where the evidence presented by the State tended to show that respondent and three others noticed that the keys had been left in a truck, the four of them made a plan to steal the truck, two of them took the truck while respondent and the fourth waited a block away, the first two picked up respondent and his companion, the employer of the owner of the truck gave chase and blocked the road, and the employer recognized respondent when the occupants of the truck jumped out and ran away. G.S. 14-72, G.S. 14-5.2.

3. **Infants § 15— adjudication of delinquency—failure to release pending appeal—no prejudice**

A juvenile adjudicated delinquent was not prejudiced by the trial judge's failure to release him pending appeal or to state in writing compelling reasons why he should not be released. The error was in a post-trial procedure which could not have prejudiced respondent in the adjudication and the commitment order was based in part on a finding that respondent had violated probation, which would support the commitment order independently of the adjudication of delinquency. G.S. 7A-668.

APPEAL by respondent from *Read, Judge.* Judgment entered 6 August 1984 in District Court, DURHAM County. Heard in the Court of Appeals 22 August 1985.

On 20 December 1983 respondent was adjudged to be delinquent following a finding that he had committed an assault. On 7 February 1984, after a dispositional hearing, respondent was placed on probation. On 14 June 1984, the juvenile probation officer filed a motion for review alleging that respondent had violated his probation in several respects. On 19 July 1984, a juvenile petition was filed alleging that respondent had, on 17 July 1984, committed felonious larceny. On 30 July 1984, Judge LaBarre found that respondent had committed the offense of felonious larceny and adjudged him to be delinquent. At the same hearing respondent was also found to have violated the terms of

his probation by running away from home. A dispositional hearing was scheduled and conducted on 6 August 1984 before Judge Read and respondent was committed to the Department of Human Resources, Division of Youth Services pursuant to G.S. 7A-652. Respondent appeals.

*Attorney General Lacy H. Thornburg by Assistant Attorney General Jane Rankin Thompson for the State.*

*Alexander Charns for respondent appellant.*

MARTIN, Judge.

We note at the outset that the record on appeal does not contain "a copy of the notice of appeal, or of an appropriate entry showing appeal taken orally" as required by Rule 9(a)(3)(viii) of the Rules of Appellate Procedure. Respondent's assignments of error relate only to the adjudication of his delinquency based upon the court's finding that he committed felonious larceny. In the exercise of our discretion, we will consider the assignments of error relating to the felonious larceny adjudication. However, respondent having failed to assign error to the court's finding of delinquency based upon his probation violation, we decline to review that portion of the complained-of order. Although we find technical error in the trial court's failure to conduct a probable cause hearing as required by G.S. 7A-609, we conclude that such error resulted in no prejudice to respondent. We affirm the trial court's order adjudicating respondent a delinquent juvenile pursuant to G.S. 7A-517(12).

[1] Respondent first assigns error to the trial court's failure to conduct a probable cause hearing prior to the adjudicatory hearing at which he was found delinquent. G.S. 7A-609(a) provides in part:

> The judge shall conduct a hearing to determine probable cause in *all felony cases* in which a juvenile was 14 years of age or older when the offense was allegedly committed unless counsel for the juvenile waives in writing his right to the hearing and stipulates to a finding of probable cause. (Emphasis added.)

*In re Bullard*, 22 N.C. App. 245, 206 S.E. 2d 305 (1974), this court held that the provisions of former G.S. 7A-280 (repealed 1979),

containing language similar to the present G.S. 7A-609(a), required the district court to conduct a preliminary hearing to determine whether there was probable cause to believe that the juvenile had committed the offense charged. We believe that the language of G.S. 7A-609(a) is clear and requires that a probable cause hearing be conducted in all cases in which a minor 14 years of age or older is charged with a felony before the court may transfer the case to the superior court for trial, or proceed with an adjudicatory hearing in the district court.

Respondent contends that the failure of the trial court to hold the probable cause hearing was prejudicial and a denial of due process of law. Although it was error for the trial court to fail to conduct a probable cause hearing, we do not agree that the error was prejudicial to respondent. Our Supreme Court has held, with respect to adult offenders, that a failure to provide a criminal defendant with a probable cause hearing, as required by G.S. 15A-606(a), does not amount to a denial of due process and equal protection under either the North Carolina or United States Constitutions. *State v. Lester,* 294 N.C. 220, 240 S.E. 2d 391 (1978); *State v. Oliver,* 302 N.C. 28, 274 S.E. 2d 183 (1981).

Even so, respondent argues he was prejudiced because his counsel was of the belief that the hearing conducted on 30 July 1984 was to determine probable cause and he was not aware until its conclusion that the prosecutor and the court considered the hearing to be adjudicatory. Respondent asserts that had his counsel known that the hearing was an adjudicatory hearing, he would have conducted his representation of respondent in a different manner, i.e., he would have presented evidence and sought to exclude inadmissible evidence, rather than using the hearing for discovery purposes. We reject this argument for the following reasons.

Respondent was taken into custody on 17 July 1984. On 23 July 1984, Judge Read conducted a detention hearing pursuant to G.S. 7A-577, at which both respondent and his counsel were present. At the conclusion of that hearing, Judge Read ordered that respondent remain in the Durham County detention home "until this matter can be heard." In open court he set the case for hearing the following Monday, 30 July, and instructed the clerk to issue subpoenas "for the *hearing on the merit* [sic] for next Mon-

---

---

day as to this felony charge. . . ." Respondent and his counsel were clearly placed on notice that the court intended to proceed with the adjudicatory hearing on 30 July and made no objection to the setting.

On 30 July, the case was called for hearing before Judge LaBarre. Respondent's counsel gave no indication that he was not prepared to proceed or that he had not been furnished with any requested discovery. He cross-examined the State's witnesses and presented a witness on behalf of respondent. At the conclusion of the hearing, Judge LaBarre found that respondent had committed the offense charged and adjudged him delinquent. A dispositional hearing was set for the following Monday, 6 August, before Judge Read. Even though Judge Read had expressly provided that the 30 July hearing was "on the merits," on 2 August respondent's counsel appeared before Judge LaBarre and informed him that counsel had not understood that the 30 July hearing was an adjudicatory hearing and that at the time of that hearing he had not been furnished with a copy of the statement of Rodney Burchett, a co-defendant, who had testified for the State. Judge LaBarre stated that he would strike the adjudication and permit respondent to present additional evidence. After consulting with the witnesses, who were present in court, respondent's counsel advised Judge LaBarre that he did not wish to present additional evidence.

A probable cause hearing is not conducted for the purposes of discovery; its purpose is to determine whether there is probable cause to believe that a crime has been committed and that respondent committed it. *State v. Hudson,* 295 N.C. 427, 245 S.E. 2d 686 (1978). A further purpose of the probable cause hearing prescribed by G.S. 7A-609 is to determine whether the juvenile's case should be transferred to Superior Court for trial as an adult. *See* G.S. 7A-610. The State did not seek the transfer of this case to Superior Court. The court found beyond a reasonable doubt that respondent had committed the offense charged in the juvenile petition, applying a standard of proof substantially greater than probable cause.

We also reject respondent's argument that he was prejudiced because he had not been provided with a copy of Rodney Burchett's pretrial statement in advance of the 30 July hearing, as had

been requested through discovery. Respondent's counsel cross-examined Burchett regarding the untruthfulness of his pretrial statement and the conditions of his plea arrangement. Burchett's pretrial statement was substantially more damaging to respondent than was his testimony at the hearing and respondent's counsel wisely limited his cross-examination of Burchett to an admission that he had lied, rather than bringing out the contents of the earlier statement. As the trial judge correctly observed, if respondent had not been provided with the requested statement, he should have requested a delay and sought an order, pursuant to G.S. 7A-618, requiring the State to produce it.

We admonish the trial courts that juveniles should be afforded the protection of each of the procedural safeguards provided by the North Carolina Juvenile Code. However, the burden is upon respondent to show a reasonable possibility that a different result would have been reached at his adjudicatory hearing had he been afforded a probable cause hearing. *See State v. Hudson*, *supra* (criminal defendant's burden to show a reasonable possibility of a different result at trial if probable cause hearing had been conducted). Under the circumstances of this case, respondent has failed to show prejudice.

[2] In his second assignment of error respondent argues that the trial court erred in denying his motion to dismiss the charge of felonious larceny on the grounds of insufficiency of the evidence. Generally, G.S. 7A-631 confers upon a respondent in a juvenile adjudication hearing "all rights afforded adult offenders" subject to certain exceptions not applicable to this case. These rights include the right "to have the evidence evaluated by the same standards as apply in criminal proceedings against adults." *In re Dulaney*, 74 N.C. App. 587, 588, 328 S.E. 2d 904, 906 (1985). Therefore, in order to withstand a motion to dismiss the charges contained in a juvenile petition, there must be substantial evidence of each of the material elements of the offense charged. *See State v. Myrick*, 306 N.C. 110, 291 S.E. 2d 577 (1982). The evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference of fact which may be drawn from the evidence. *State v. Easterling*, 300 N.C. 594, 268 S.E. 2d 800 (1980).

Evidence presented by the State tended to show that on 17 July 1984 Gilbert Carmack parked his 1981 El Camino truck,

worth $7,500, at his place of employment. Rodney Burchett, Rodney Smith, Ricky Smith and respondent were together that morning when either Rodney Burchett or Rodney Smith noticed that the keys had been left in the truck. The four of them made a plan to steal the truck. While respondent and Rodney Smith waited approximately a block away, Rodney Burchett and Ricky Smith took the truck. They then picked up respondent and Rodney Smith. Clayborne Hudson, Carmack's employer, was made aware of the theft of the truck shortly thereafter and, upon locating the vehicle with its four occupants, gave chase, managing to block the road. When the truck became blocked, the occupants jumped out and ran. Hudson recognized respondent as one of the occupants.

The essential elements of larceny under G.S. 14-72 are that the defendant took the property of another; carried it away; without the owner's consent; and with the intent to permanently deprive the owner of his property. *State v. Beaty,* 306 N.C. 491, 293 S.E. 2d 760 (1982). Although Burchett and Ricky Smith actually took the truck, if respondent counseled, advised or encouraged them in the commission of the offense he would be equally guilty of larceny even though he was not actually present at the scene when the offense was committed. *State v. Woods,* 307 N.C. 213, 297 S.E. 2d 574 (1982); G.S. 14-5.2. We find that the evidence, viewed in the light most favorable to the State, was sufficiently substantial to establish that respondent, together with Burchett and the Smiths, planned that Burchett and Ricky Smith would take the truck, without Carmack's consent, and pick up respondent and Rodney Smith who were waiting nearby. A reasonable inference could also be drawn by the trial judge that at the time of the taking respondent and the other participants had the requisite felonious intent to deprive Carmack permanently of his truck. This assignment of error is overruled.

[3] In his final assignment of error respondent argues that the trial judge erred in failing to release him pending appeal without stating, in writing, compelling reasons why he should not be released. G.S. 7A-668 provides:

> Pending disposition of an appeal, the release of the juvenile, with or without conditions, should issue in every case unless the judge orders otherwise. For compelling rea-

sons which must be stated in writing, the judge may enter a temporary order affecting the custody or placement of the juvenile as he finds to be in the best interest of the juvenile or the State.

In other words, pending his appeal the juvenile must be released unless the judge enters a written order to the contrary, stating the reasons for commitment pending appeal. In the instant case no such order was entered. This error, however, was in a post trial procedure and could not have prejudiced respondent in the adjudication hearing. Moreover, the commitment order was based at least in part upon the trial court's finding that respondent had violated probation, a finding to which respondent has not excepted and assigned error. Since the finding of violation of probation would support the commitment order, independently of the adjudication of delinquency based upon the larceny charge, respondent has not been prejudiced by the failure of the trial court to enter the required order, or in the alternative, to release respondent pending appeal

Affirmed.

Judges WEBB and BECTON concur.