IN THE MATTER OF: T.T.P., A minor child.
No. COA08-1240.
Court of Appeals of North Carolina.
Filed May 19, 2009.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Larissa S. Williamson, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Kristen L. Todd, for juvenile-appellant.
ROBERT C. HUNTER, Judge.
Juvenile was adjudicated delinquent for communicating a false bomb report. Juvenile claims the trial court erred by failing to dismiss the petition for lack of sufficient evidence. For the following reasons, we affirm.
The State's evidence tends to show that on 4 May 2005, Deputy Amy Womble was working at Laney High School as a school resource officer. A bomb threat had been made at the school the previous day in a writing in a boys' bathroom, so Officer Womble checked the girls' bathrooms as part of her patrol. When she went into one of the girls' bathrooms, she observed two students in two separate stalls. The student in the second stall had her feet facing the wall, away from the stall door. After several minutes of the student remaining in the second stall, Officer Womble became suspicious. Officer Womble exited the bathroom and called for the assistant principal to come down to the bathroom. She then reentered the bathroom, where the student was still in the second stall. The juvenile, T.T.P., came out of the second stall and told Officer Womble, "there's something in here that you might want to look at." Officer Womble entered the second stall and saw writing on the side wall and the back of the stall door. The writing on the wall read as follows:
Fuck Laney. Tell the fucking principal and the dean that I ain't scared to get charged or go to jail. Some people don't know it, but I'm the one who made the threat, and I'm gonna do it again, except this time I'm gonna blow this bitch down because I bring a gun to school every day and a grenade, and whoever get in my damn way, I'm gonna blow their fucking brains out. Try me. Guess who. I'm a tenth grader. Some people don't know it, but I bring a gun. One, two, three, boom, bitch. We really gonna blow this mother fucker this time up, and we not playing. This mother is history on Thursday 5/5/5.
The writing was signed "unknown." There was also a drawing of a gun and what appeared to be a bomb or a grenade.
Juvenile initially stated she did not write the threat and offered her bookbag for a search. The bag contained a pencil, notebooks, and books. Officer Womble took juvenile to her office, read to her Miranda rights for 14, 15, and 16 year olds, and juvenile signed a form waiving her rights. Juvenile then admitted that she wrote the threat. She stated she skipped her fourth period class and proceeded to the bathroom. Juvenile entered one stall which had a song written on the wall; then, she went in to a second stall where she sat down, dozed off, woke up, and began writing. She told the officer that she had written all of the message on the wall. Juvenile wrote out a statement to that effect, in which she admitted writing the message on the bathroom stall.
Juvenile's mother was called and was allowed to see the message written on the bathroom wall. When the mother observed that the writing was not in her daughter's handwriting, juvenile told her, "I didn't want it to look like my writing." The mother also stated that the message mentioned the author was in tenth grade, and that juvenile was a ninth-grader, to which juvenile responded that she wrote it that way so as not to be identified.
Juvenile testified that she only wrote the portions of the bathroom writing that said "[t]his mother is history on Thursday 5/5/5," "unknown," and "one, two, three, boom, bitch." She stated that she did not write the remainder of the message. She also stated that she did not intend to waive her right to have a parent present while she was being questioned.
At the close of all the evidence, counsel for juvenile argued that the State had not met its burden. The State countered that it had met its burden and asked the court to find the juvenile responsible for the crime. The trial court then adjudicated juvenile delinquent and entered its order on 17 May 2005. On 30 September 2005, the court entered a disposition order placing juvenile on probation for twelve months. From the orders entered, juvenile appeals and contends the trial court erred in denying her motion to dismiss the petition for insufficiency of the evidence. When reviewing a motion to dismiss a petition in a juvenile case, we must consider the evidence in the light most favorable to the State, including all reasonable inferences that may be drawn therefrom. In re Brown, 150 N.C. App. 127, 129, 562 S.E.2d 583, 585 (2002). The State must present substantial evidence of each material element of the offense charged in order to withstand a motion to dismiss. In re Bass, 77 N.C. App. 110, 115, 334 S.E.2d 779, 782 (1985). Both circumstantial and direct evidence may be considered in determining sufficiency of the evidence. See State v. Crouse, 169 N.C. App. 382, 389, 610 S.E.2d 454, 459 (2005). Juvenile was charged pursuant to N.C. Gen. Stat. Section 14-69.1(c), which provides:
Any person who, by any means of communication to any person or groups of persons, makes a report, knowing or having reason to know the report is false, that there is located in or in sufficient proximity to cause damage to any public building any device designed to destroy or damage the public building by explosion, blasting, or burning, is guilty of a Class H felony.
N.C. Gen. Stat. § 14-69.1(c) (2007).
The juvenile contends the trial court erred in denying the motion to dismiss the charge in that the State failed to prove that
there was in fact any device designed to destroy or damage the school actually located in or in sufficient proximity to the building. Juvenile contends that language indicating an intent to cause damage by an explosive in the future is not sufficient to prove the offense pursuant to section 14-69.1. We do not agree with juvenile's characterization of the evidence.
The evidence presented by the State included the entirety of the writing from the bathroom stall. The writing states, "I bring a gun to school every day and a grenade. . . ." This portion of the writing indicates that the author brings a gun and a grenade every day to school. The writing also clearly conveyed an intention to use the device to blow up the school. Since a grenade is a device designed to cause damage and the writing implied the presence of a grenade at school every day, including the day juvenile was apprehended in the bathroom, the writing provides ample evidence of the offense delineated in section 14-69.1. We therefore affirm the orders of the trial court.
Affirmed.
Judges STEELMAN and JACKSON concur.
Report per Rule 30(e).