706 S.E.2d 305 (2011)
In the Matter of A.W.
No. COA10-713.
Court of Appeals of North Carolina.
February 15, 2011.
*306 Attorney General Roy Cooper, by Assistant Attorney General LaToya B. Powell, for the State.
Kimberly P. Hoppin, Chapel Hill, for respondent-juvenile.
MARTIN, Chief Judge.
In February 2009, respondent-juvenile was charged in juvenile petitions with being delinquent by reason of having committed a misdemeanor assault, having taken indecent liberties with a child at least three years younger than respondent-juvenile in violation of N.C.G.S. § 14-202.2, and having committed a second-degree sexual offense in violation of N.C.G.S. § 14-27.5(a)(2). Respondent-juvenile denied the allegations in the petitions, and an adjudication hearing was conducted on 27 August 2009.
Briefly summarized, the evidence at the adjudication hearing tended to show that respondent-juvenile lived with his mother and sister. His mother also had two younger children, a son and a daughter, who lived with their father, respondent-juvenile's stepfather, but visited with respondent-juvenile's mother every other weekend. In November 2008, when respondent-juvenile was thirteen years of age and his half-brother and half-sister were four-and six-years old respectively, the younger children came to the home *307 for visitation. During the visitation, respondent-juvenile told his younger half-brother that respondent-juvenile's testicles and penis "taste like candy," and that the child should lick them. The child did so in the presence of his sister. Respondent-juvenile testified in his own defense, denying any inappropriate conduct with his younger half-brother and half-sister.
At the conclusion of the hearing, the State acknowledged that it had not proceeded on the misdemeanor assault charge, and the court dismissed that charge. The court found that respondent-juvenile had committed the felony offense of second-degree sexual offense and the misdemeanor offense of indecent liberties between children, and adjudicated respondent-juvenile to be delinquent. The disposition hearing was continued to a later date.
On 31 August 2009, a juvenile petition was filed alleging that respondent-juvenile was delinquent by reason of having committed felonious breaking or entering, felonious larceny, and felonious possession of stolen property, offenses unrelated to the offenses for which he had earlier been adjudicated delinquent. On 10 December 2009, respondent-juvenile admitted to the charge of felonious breaking or entering in exchange for dismissal of the charges of felonious larceny and felonious possession of stolen property. The court consolidated the offenses for disposition pursuant to N.C.G.S. § 7B-2508(h) and entered a Level 3 Disposition and Commitment Order based upon the second-degree sexual offense, the most serious of the offenses for which respondent-juvenile was adjudicated delinquent. Respondent-juvenile gave notice of appeal.
Respondent-juvenile first contends the State presented insufficient evidence to sustain the adjudications that he committed second-degree sexual assault and indecent liberties between children. As is the case in adult criminal prosecutions, however, a juvenile charged in a petition with being delinquent is precluded from challenging the sufficiency of the evidence on appeal unless he has moved to dismiss the petition at the close of all the evidence. In re Hartsock, 158 N.C. App. 287, 291, 580 S.E.2d 395, 398 (2003); N.C.R.App. P. 10(a)(3). In the present case, respondent-juvenile's counsel did not move to dismiss either of the petitions at the close of the evidence, precluding respondent-juvenile from challenging the sufficiency of the evidence on appeal. Respondent-juvenile acknowledges that he has waived review of these issues; however, he contends that his counsel's failure to move to dismiss the petitions at the close of all the evidence amounted to a violation of his right to the effective assistance of counsel. In the alternative, he requests that this Court review these issues pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure.
N.C.R.App. P. 2 permits an appellate court to "suspend or vary the requirements or provisions" of the rules of appellate procedure to prevent "manifest injustice." "[T]his residual power to vary the default provisions of the appellate procedure rules should only be invoked rarely and in `exceptional circumstances,'" State v. Gayton-Barbosa, 197 N.C. App. 129, 134, 676 S.E.2d 586, 589 (2009) (quoting State v. Hart, 361 N.C. 309, 315-16, 644 S.E.2d 201, 205 (2007)), but our Courts "have regularly invoked N.C.R.App. P. 2 in order to address challenges to the sufficiency of the evidence to support a conviction." Id. at 134, 676 S.E.2d at 590 (citing State v. Booher, 305 N.C. 554, 564, 290 S.E.2d 561, 566 (1982) ("Nevertheless, when this Court firmly concludes, as it has here, that the evidence is insufficient to sustain a criminal conviction, even on a legal theory different from that argued, it will not hesitate to reverse the conviction, sua sponte, in order to prevent manifest injustice to a party." (internal quotation marks omitted))). In the present case, we choose to exercise our authority under N.C.R. App. P. 2 to review respondent-juvenile's arguments.
To withstand a motion to dismiss charges contained in a juvenile petition, the State must present substantial evidence of each of the material elements of the offense charged and that respondent-juvenile was the perpetrator. In re Bass, 77 N.C. App. 110, 115, 334 S.E.2d 779, 782 (1985). The evidence must be considered in the light most favorable to the State, and the State is *308 entitled to every reasonable inference of fact that may be drawn from the evidence. Id.
N.C.G.S. § 14-27.5 provides,
(a) A person is guilty of a sexual offense in the second degree if the person engages in a sexual act with another person:
(1) By force and against the will of the other person; or
(2) Who is mentally disabled, mentally incapacitated, or physically helpless, and the person performing the act knows or should reasonably know that the other person is mentally disabled, mentally incapacitated, or physically helpless.
N.C. Gen.Stat. § 14-27.5 (2009). The petition in this case alleges that respondent-juvenile engaged in a sexual act, "namely having victim lick his penis and testicles with [victim] who was mentally disabled, mentally incapacitated, or physically helpless, and the delinquent juvenile who performed the act knew or should reasonably have known that the victim was mentally disabled, mentally incapacitated, or physically helpless." The State concedes there was no evidence that the victim "had any mental limitations that would satisfy the statutory definitions of `mentally disabled' or `mentally incapacitated,'" as those terms are defined by N.C.G.S. § 14-27.1(1) and (2), or that he was "physically helpless," as that term is defined in N.C.G.S. § 14-27.1(3). See generally N.C. Gen.Stat. § 14-27.1(1)-(3) (2009) (defining "mentally disabled," "mentally incapacitated," and "physically helpless," as those terms are used in N.C.G.S. § 14-27.5). Thus, the State concedes, and we agree, that the evidence was insufficient to prove the elements of second-degree sexual offense. Accordingly, we must vacate the adjudication that respondent-juvenile is delinquent for having committed a second-degree sexual offense.
As to the adjudication that respondent-juvenile is delinquent for having committed the misdemeanor offense of indecent liberties between children, however, the State makes no such concession with regard to the sufficiency of the evidence. The juvenile petition charged respondent-juvenile with violating N.C.G.S. § 14-202.2(a)(1). The elements of that offense are that (1) the respondent-juvenile, (2) being under the age of sixteen years, (3) took or attempted to take indecent liberties, (4) with a child who is at least three years younger than the respondent-juvenile, (5) for the purpose of arousing or gratifying sexual desire. N.C. Gen.Stat. § 14-202.2(a)(1) (2009). Respondent-juvenile argues that there was insufficient evidence to show that he acted with a purpose to arouse or gratify his sexual desires in committing the act alleged in the petition.
This Court has held that "the purpose of arousing or gratifying sexual desire" required by the statute cannot be inferred solely from the act itself and that, absent a showing of the alleged delinquent juvenile's sexual intent in committing the act, there can be no violation of N.C.G.S. § 14-202.2. In re T.S., 133 N.C. App. 272, 277, 515 S.E.2d 230, 233, disc. review denied, 351 N.C. 105, 540 S.E.2d 751 (1999). The sexual purpose necessary to satisfy the element of a "purpose to arouse or gratify sexual desires" required by N.C.G.S. § 14-202.2 may be shown by "evidence of the child's maturity, intent, experience, or other factor indicating his purpose in acting[.]" In re T.C.S., 148 N.C. App. 297, 302, 558 S.E.2d 251, 254 (2002) (internal quotation marks omitted).
In the present case, the juvenile respondent was thirteen-years old while the victim was but three-years old. In the presence of the victim's six-year-old sister, respondent-juvenile told the victim that respondent-juvenile's private parts "taste like candy," whereupon he had the victim lick his penis. There was also evidence which showed that, while respondent-juvenile was living with his biological father in another state approximately eleven months prior to the events giving rise to this proceeding, he admitted to an investigator that he had performed fellatio on his four-year-old brother there. Though respondent-juvenile denied the act and testified that he had admitted it only after having been instructed to do so by his father, an inference may be drawn therefrom that respondent-juvenile was sexually aware and had the intent to perform sexual acts with very young, male victims. Thus, we believe the evidence of respondent's age and maturity as well as the age disparity between him and the victim *309 in this case, coupled with the inducement he employed to convince the victim to perform the act and the suggestion of his prior sexual activity some months before this event, was "sufficient evidence of maturity and intent to show the required element of `for the purpose of arousing or gratifying sexual desire.'" Id. at 303, 558 S.E.2d at 254.
Respondent-juvenile also contends the petition for indecent liberties between children should have been dismissed because there was a discrepancy between the date upon which the offense was alleged to have occurred, 14 November 2008, and that shown by the evidence, the weekend of 7-9 November 2008. As a general rule, the date upon which a crime is alleged by the bill of indictment to have occurred is not an element of the offense, and that the evidence shows the crime occurred on another date is not a ground for dismissal, particularly where the variance is slight, no statute of limitations is involved, and the variance does not affect the ability of the defendant to present an adequate defense. State v. McGriff, 151 N.C. App. 631, 637, 566 S.E.2d 776, 780 (2002). Respondent-juvenile in this case has made no showing as to how his ability to present an adequate defense was prejudiced by the variance, and we hold the variance did not require a dismissal of the charge.
Finally, respondent-juvenile argues that he is entitled to a new adjudicatory hearing on the charge of indecent liberties between children because the trial court denied his counsel the opportunity to make a closing argument. His contention arises from the following exchange, which occurred immediately after his counsel concluded her examination of respondent-juvenile, the final witness called at the adjudicatory hearing:
[Defense Counsel]: That's all I have.
[Prosecutor]: Nothing further, Judge.
COURT: You may step down.
[Defense Counsel]: That's all we have, Your Honor.
COURT: You may step down. All right, I do, I do find that the juvenile is delinquent and uh, in that he committed a second degree sexual offense which is a Class C Felony in violation of North Carolina General Statute 14-27.5 and further that he did commit delinquentfurther that he committed indecent liberties between children in violation of North Carolina General Statute 14-202.2. Uh, I'll hear arguments as to the misdemeanor assault.
[Prosecutor]: Judge, we, he's not charged with misdemeanor assault in our proceeding today. It may be listed on there but we didn't proceed on that charge.
COURT: All right, uh, the Court dismisses that charge, I understand the State's not proceeding on that.
[Prosecutor]: Yes sir.
COURT: All right, as to disposition?
[Defense Counsel]: Your Honor, we would ask that uh, we were prepared to uh, give a closing argument, Your Honor, but
COURT: Uh, [Counsel], I've already, I've already adjudicated him to be delinquent.
We remind our colleagues who perform the difficult task of determining whether juveniles are undisciplined or delinquent, and, if so, the appropriate disposition, treatment, and services that will protect the public while providing accountability and rehabilitation for the juvenile offender's actions, that at the adjudicatory stage, the juvenile is entitled to all of the rights specified in N.C.G.S. § 7B-2405, which include all rights afforded adults accused of crimes, except the right to bail, the right of self-representation, and the right of trial by jury. N.C. Gen.Stat. § 7B-2405(6) (2009). The statute recognizes that, while juvenile delinquency proceedings are not criminal trials, they are conducted as adversarial proceedings and are sufficiently similar in nature that they must be conducted so as to afford the accused juvenile due process.
The United States Supreme Court has held,
There can be no doubt that closing argument for the defense is a basic element of the adversary factfinding process in a criminal trial. Accordingly, it has universally been held that counsel for the defense has a right to make a closing summation to the jury, no matter how strong the case for the prosecution may appear to the presiding judge. The issue has been considered less often in the context of a so-called *310 bench trial. But the overwhelming weight of authority, in both federal and state courts, holds that a total denial of the opportunity for final argument in a nonjury criminal trial is a denial of the basic right of the accused to make his defense.

Herring v. New York, 422 U.S. 853, 858-59, 95 S.Ct. 2550, 2553-54, 45 L.Ed.2d 593, 598 (1975) (emphasis added). The Court explained:
Some cases may appear to the trial judge to be simpleopen and shutat the close of the evidence. And surely in many such cases a closing argument will, in the words of Mr. Justice Jackson, be "likely to leave [a] judge just where it found him." But just as surely, there will be cases where closing argument may correct a premature misjudgment and avoid an otherwise erroneous verdict. And there is no certain way for a trial judge to identify accurately which cases these will be, until the judge has heard the closing summation of counsel.
Id. at 863, 95 S.Ct. at 2556, 45 L.Ed.2d at 601 (alteration in original). In Herring, the Court held that the denial of the defendant's right to present a closing argument was a denial of the right to the assistance of counsel, and that the denial of the right to present a closing argument may constitute a denial of the right to present a defense. Id. at 859, 865, 95 S.Ct. at 2554, 2556, 45 L.Ed.2d at 598, 602; State v. Miller, 344 N.C. 658, 673, 477 S.E.2d 915, 924 (1996).
In this case, the trial judge made the determination to adjudicate the juvenile-respondent delinquent for having committed the charged offenses without giving his counsel the opportunity to make a closing argumentindeed, without inquiring as to whether she desired to do so. Therefore, we must vacate the adjudication that he is delinquent for having committed the misdemeanor offense of indecent liberties between children and remand this case to the trial court for further proceedings consistent with this opinion.
For the foregoing reasons, the juvenile order entered 28 August 2009 adjudicating respondent-juvenile delinquent for having committed the felony of second-degree sexual offense and for having committed the misdemeanor of indecent liberties between children is vacated. The juvenile disposition and commitment order entered 11 December 2009 is also vacated. This case is remanded for dismissal of the charge of second-degree sexual offense, a new adjudication hearing on the charge of indecent liberties between children, and a new disposition hearing upon respondent-juvenile's admission to felonious breaking or entering.
Vacated and remanded.
Judges McGEE and ERVIN concur.