IN THE MATTER OF: J.J., Jr.

No. COA11-342

(Filed 18 October 2011)

**1. Juveniles—adjudicatory hearing—not separate from other hearings**

A juvenile was not prejudiced by the trial court's failure to hold an adjudicatory hearing separate and distinct from the probable cause and transfer hearings. Nothing in the statutes required entirely separate hearings so long as the juvenile's requisite statutory and constitutional rights were safeguarded.

**2. Juveniles—adjudication—findings—not written**

The trial court erred by not including the requisite findings of fact in a written juvenile adjudication order even though it announced in open court that the juvenile was guilty beyond a reasonable doubt.

———

**IN RE J.J.**

[216 N.C. App. 366 (2011)]

### 3. Juveniles—disposition hearing—form of hearing—written findings required

The trial court complied with the substance but not the form of the statutory requirements for a juvenile dispositional hearing where the proceeding was more abbreviated than contemplated by the statutes and the record did not reflect when the predisposition report was received or considered. However, the disposition order was remanded for failure to make the required written findings.

### 4. Juveniles—release pending appeal—denied—written findings required

An order denying a juvenile release pending appeal was vacated where the trial court did not state in writing any compelling reasons for the denial of release.

Appeal by juvenile from orders entered 14 December 2010 and 21 December 2010 by Judge John W. Dickson in Cumberland County District Court. Heard in the Court of Appeals 14 September 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Judith Tillman and Special Deputy Attorney General Mabel Y. Bullock, for the State.*

*Geeta Kapur for juvenile appellant.*

McCULLOUGH, Judge.

On 14 December 2010, the trial court adjudicated J.J., Jr. ("the juvenile") delinquent and entered a disposition committing him to a youth development center until his eighteenth birthday.[1] On appeal, the juvenile contends the trial court erred in entering such adjudication and disposition without holding the proper adjudicatory and dispositional hearings. In addition, the juvenile contends the trial court erred in not granting him release during the pendency of his appeal.

---

1. We note that the trial court entered both a dispositional order and a secure custody order for the juvenile in the present case. The dispositional order being appealed commits the juvenile to a youth development center until his eighteenth birthday, whereas the secure custody order entered on the same date commits the juvenile to a youth development center until his nineteenth birthday. We also note pursuant to N.C. Gen. Stat. § 7B-1602, the trial court may retain jurisdiction over a juvenile until his twenty-first birthday when the juvenile is committed to a youth development center for a first-degree sexual offense as in the present case. However, because the juvenile's arguments on appeal only pertain to the trial court's dispositional order, we address only the terms of that order.

**IN RE J.J.**

[216 N.C. App. 366 (2011)]

We find no prejudicial error occurred in the trial court's conduct of the delinquency proceedings, but we remand the case to the trial court for entry of written findings of fact to support its adjudication and dispositional orders, and its order denying the juvenile's release pending appeal.

## I.  Background

On 14 January 2010, the State filed a Juvenile Petition alleging that the juvenile had committed the criminal offense of first-degree sexual offense on a female child under the age of 13. On 21 January 2010, the juvenile was afforded a first appearance before the trial court.

On 25-26 August 2010, a probable cause hearing was held, and on 4 October 2010, *nunc pro tunc* 26 August 2010, the trial court entered an Amended Juvenile Order finding probable cause to believe that the juvenile committed the offense of attempted first-degree sex offense. The State moved for the case to be transferred to superior court, and the trial court ordered that a hearing be conducted on that issue.

On 14 December 2010, the trial court conducted the transfer hearing. At the conclusion of the hearing, the trial court retained jurisdiction over the case in juvenile court, announced its finding "beyond a reasonable doubt that the juvenile is guilty of the offense of attempted first-degree sex offense," and proceeded to enter a disposition for the juvenile. On that same day, the trial court entered a Juvenile Level 3 Disposition and Commitment Order finding the juvenile had committed an attempted first-degree sex offense. The written order provided that the juvenile was to be committed to a youth development center for an indefinite period not to exceed the juvenile's eighteenth birthday. The trial court also entered an order for secure custody of the juvenile, finding direct contempt by the juvenile as grounds for the order. The juvenile gave oral notice of appeal as to all orders entered by the trial court at the conclusion of the 14 December 2010 hearing. The juvenile also gave written notice of appeal on 14 December 2010.

On 21 December 2010, the trial court entered a Juvenile Adjudication Order concluding that the juvenile is a delinquent for having committed the offense of attempted first-degree sex offense. On that same day, the trial court appointed the Appellate Defender's Office to represent the juvenile in his appeal. In its Appellate Entries, the trial court failed to indicate whether the juvenile was to be released pending appeal pursuant to N.C. Gen. Stat. § 7B-2605, and the trial court listed "NA" in the space provided for "compelling rea-

sons release is denied." The juvenile filed an amended notice of appeal on 7 January 2011.

## II. Procedure of Adjudicatory and Dispositional Hearings

The juvenile argues that the trial court erred in committing him to a youth development center without holding a proper adjudicatory or dispositional hearing as required by the North Carolina Juvenile Code. The juvenile maintains that, because the trial court held only a probable cause hearing and a transfer hearing before entering an adjudication and disposition in his case, his right to due process was violated and therefore, the trial court's adjudication and dispositional orders should be vacated. The juvenile also maintains that the trial court's adjudication and dispositional orders fail to include the requisite written findings of fact to support the order.

### A. Adjudicatory Hearing and Order

[1] We first address the juvenile's contention that the trial court failed to conduct an adjudicatory hearing before adjudicating him a delinquent juvenile.

Section 7B-2202 of our Juvenile Code provides that "[t]he court shall conduct a hearing to determine probable cause in all felony cases in which a juvenile was 13 years of age or older when the offense was allegedly committed." N.C. Gen. Stat. § 7B-2202(a) (2009). "A probable cause hearing is not conducted for the purposes of discovery; its purpose is to determine whether there is probable cause to believe that a crime has been committed and that [the juvenile] committed it." *In re Bass*, 77 N.C. App. 110, 114, 334 S.E.2d 779, 781 (1985). If the trial court finds that probable cause exists and the alleged felony is not a Class A felony, "upon motion of the prosecutor . . . , the court shall either proceed to a transfer hearing or set a date for that hearing." N.C. Gen. Stat. § 7B-2202(e).

"At the transfer hearing, the prosecutor and the juvenile may be heard and may offer evidence[.]" N.C. Gen. Stat. § 7B-2203(a) (2009). "If the court does not transfer the case to superior court, the court shall either proceed to an adjudicatory hearing or set a date for that hearing." N.C. Gen. Stat. § 7B-2203(d).

Construing these statutes in *pari materia*, we determine that nothing in these statutes requires the trial court to conduct entirely separate probable cause, transfer, and adjudicatory hearings. The plain language of the statutes provides that the trial court "shall

either proceed" from one hearing to the next "or set a date for that hearing." N.C. Gen. Stat. §§ 7B-2202(e), -2203(d). Thus, the trial court may conduct all three hearings in one proceeding, so long as the juvenile's requisite statutory and constitutional rights are safeguarded.

Specifically, section 7B-2405 of our Juvenile Code, titled "Conduct of the adjudicatory hearing," provides:

In the adjudicatory hearing, the court shall protect the following rights of the juvenile and the juvenile's parent, guardian, or custodian to assure due process of law:

(1) The right to written notice of the facts alleged in the petition;

(2) The right to counsel;

(3) The right to confront and cross-examine witnesses;

(4) The privilege against self-incrimination;

(5) The right of discovery; and

(6) All rights afforded adult offenders except the right to bail, the right of self-representation, and the right of trial by jury.

N.C. Gen. Stat. § 7B-2405 (2009). "The adjudicatory hearing shall be a judicial process designed to determine whether the juvenile is undisciplined or delinquent." *Id.* The allegations of a petition alleging that a juvenile is delinquent must be proved beyond a reasonable doubt at adjudication. N.C. Gen. Stat. § 7B-2409 (2009).

In the present case, the trial court conducted a probable cause hearing over the course of two days on 25-26 August 2010. At the hearing, the trial court heard testimony from six witnesses presented by the State and four witnesses presented by the juvenile; the trial court also received exhibits at the hearing. After hearing all of the evidence presented by the State and the juvenile, the trial court found probable cause to believe that the juvenile had committed the offense of attempted first-degree sex offense. The prosecutor then moved for the case to be transferred to superior court and indicated the State was ready to proceed with a transfer hearing. However, the defense requested the transfer hearing be continued so that the juvenile could complete a psychological evaluation. Accordingly, the trial court set a date for the transfer hearing.

On 14 December 2010, the trial court conducted the transfer hearing. At the transfer hearing, the trial court heard additional evidence from both the State and the juvenile. After presenting such evidence,

both the State and the juvenile informed the trial court that they had no further evidence and proceeded to closing arguments, during which both the State and the juvenile requested different dispositional alternatives. Following closing arguments, the trial court ordered that the juvenile's case be retained in juvenile court. Immediately thereafter, the trial court announced its adjudication ruling, finding "beyond a reasonable doubt that the juvenile is guilty of the offense of attempted first-degree sex offense."

On appeal, the juvenile does not argue the trial court erred in conducting the two-day probable cause hearing or the transfer hearing. Rather, the juvenile argues that the trial court erred in announcing its adjudication immediately following the transfer hearing, without actually conducting an adjudicatory hearing at which the juvenile could present evidence and cross-examine witnesses. However, a review of the transcripts in this case reveals that the statutorily mandated protections were afforded to the juvenile throughout both hearings.

First, the juvenile received written notice of the facts alleged in the juvenile petition when he was served with a summons and a copy of the petition on 21 January 2010. The juvenile was represented by counsel throughout both hearings. In addition, at both hearings, the juvenile was present, put forth evidence on his behalf, and cross-examined the State's witnesses. Further, from the time of his first appearance in January 2010 until the date of the first hearing in August 2010, the juvenile had a period of seven months during which to conduct discovery. Aside from his argument that the trial court simply did not conduct a distinct adjudicatory hearing, the juvenile has not argued that any of the rights protected by N.C. Gen. Stat. § 7B-2405 were violated during the conduct of the proceedings in this case.

Moreover, the juvenile has failed to show how he was prejudiced by the trial court's conducting the hearings in the manner that it did. It appears from the transcripts of both hearings that the State presented its entire case at the probable cause hearing. The juvenile likewise presented substantial evidence at the probable cause hearing. Subsequently, at the transfer hearing, both the State and the juvenile presented additional evidence, after which both stated they had no further evidence. Accordingly, it appears the trial court considered all of the evidence having been presented, and made its adjudication. In making its adjudication, the trial court "found beyond a reasonable doubt that [the juvenile] had committed the offense charged in the juvenile petition, applying a standard of proof substantially greater than probable cause." *Bass*, 77 N.C. App. at 114, 334 S.E.2d at 781.

The "judicial process," in its entirety, determined whether the juvenile was delinquent beyond a reasonable doubt, despite that the trial court did not conduct a separate adjudicatory hearing. *See* N.C. Gen. Stat. § 7B-2405. Furthermore, the juvenile has not argued that he had further evidence to present regarding adjudication, nor has he shown how the trial court's adjudication decision might have been different had the trial court conducted a separate adjudicatory hearing. Therefore, we fail to see how the juvenile was prejudiced by the trial court's failure to hold a separate and distinct adjudicatory hearing in this case.

[2] Nonetheless, the juvenile correctly contends, and the State concedes, that the trial court is required to include the standard of proof in its written adjudication order pursuant to section 7B-2411 of our Juvenile Code. Section 7B-2411 provides:

> If the court finds that the allegations in the petition have been proved [beyond a reasonable doubt], the court shall so state in a written order of adjudication, which shall include, but not be limited to, the date of the offense, the misdemeanor or felony classification of the offense, and the date of adjudication.

N.C. Gen. Stat. § 7B-2411 (2009); *see also In re J.V.J.*, ___ N.C. App. ___, ___, 707 S.E.2d 636, 638 (2011) ("[A]t a minimum, section 7B–2411 requires a court to state in a written order that 'the allegations in the petition have been proved [beyond a reasonable doubt].' " (quoting N.C. Gen. Stat. § 7B-2411) (alteration in original)). While the trial court announced in open court that it "finds beyond a reasonable doubt that the juvenile is guilty of the offense of attempted first-degree sex offense," the trial court failed to state this in its written adjudication order. Specifically, the Juvenile Adjudication Order entered by the trial court contains a blank area where the trial court is to state findings of fact which it has found to be proved beyond a reasonable doubt. Instead of addressing any of the allegations in the petition in the blank space, the trial court failed to use the space and made no written findings at all. Thus, the trial court erred by failing to include the requisite findings of fact in its written adjudication order. Accordingly, we must vacate the trial court's adjudication order and remand the matter to the trial court to make the statutorily mandated findings of fact in the juvenile's written adjudication order.

### B. Dispositional Hearing and Order

[3] We next address the juvenile's argument that the trial court failed to conduct a dispositional hearing before entering a disposition for the juvenile.

**IN RE J.J.**

[216 N.C. App. 366 (2011)]

Our Juvenile Code instructs that "[t]he court shall proceed to the dispositional hearing upon receipt of the predisposition report." N.C. Gen. Stat. § 7B-2413 (2009). However, "[n]o predisposition report shall be submitted to or considered by the court prior to the completion of the adjudicatory hearing." *Id.* Regarding the dispositional hearing, our Juvenile Code provides:

> (a) The dispositional hearing may be informal, and the court may consider written reports or other evidence concerning the needs of the juvenile. . . .
>
> (b) The juvenile and the juvenile's parent, guardian, or custodian shall have an opportunity to present evidence, and they may advise the court concerning the disposition they believe to be in the best interests of the juvenile.

N.C. Gen. Stat. § 7B-2501(a), (b) (2009). The trial court must select a disposition for the juvenile that is designed to both protect the public and meet the needs and best interests of the juvenile, based upon the following five factors:

> (1) The seriousness of the offense;
>
> (2) The need to hold the juvenile accountable;
>
> (3) The importance of protecting the public safety;
>
> (4) The degree of culpability indicated by the circumstances of the particular case; and
>
> (5) The rehabilitative and treatment needs of the juvenile indicated by a risk and needs assessment.

*Id.* § 7B-2501(c). At the conclusion of the dispositional hearing, the trial court must enter a written dispositional order that "shall contain appropriate findings of fact and conclusions of law." N.C. Gen. Stat. § 7B-2512 (2009).

In the present case, the juvenile does not challenge the appropriateness of the disposition imposed upon him by the trial court. The juvenile simply contends the trial court failed to follow the statutory procedure for holding a dispositional hearing and entering appropriate written findings of fact in its dispositional order.

We agree with the juvenile that the trial court failed to follow the procedure contemplated by our statutory scheme for dispositional hearings. The statutory language indicates that the trial court must

proceed with the dispositional hearing upon receipt of the predisposition report. N.C. Gen. Stat. § 7B-2413. However, the trial court must not receive and consider the predisposition report prior to the completion of the adjudicatory hearing stage of the proceedings. *Id.* Accordingly, regarding the dispositional hearing, the trial court must conclude the adjudication stage of the proceedings, receive the predisposition report, then proceed to the dispositional hearing. Further, the statutes contemplate that the trial court may receive additional evidence at each stage, directed to the purpose of that stage of the proceeding. *See, e.g.*, N.C. Gen. Stat. § 7B-2501(b). Indeed, this Court has directed that " '[t]he dispositional hearing *must* be continued for the [juvenile] to present evidence when he requests such a continuance.' " *In re Lail*, 55 N.C. App. 238, 241, 284 S.E.2d 731, 733 (1981) (quoting *In re Vinson*, 298 N.C. 640, 662, 260 S.E.2d 591, 605 (1979)).

Here, the trial court conducted a more abbreviated proceeding than contemplated by our statutes. As stated previously, following its finding of delinquency beyond a reasonable doubt, the trial court proceeded to announce its disposition, stating the various factors that it considered in making its dispositional determination:

> Prior delinquency history level is low. It's been classified as a violent offense. Level II or III punishment may be imposed. The Court finds that both the best interest of the juvenile and the best interest of the State will be served by a Level III punishment. The Court, specifically considering the seriousness of the offense, the disparity between the ages and the size of the victim and the juvenile, that there is no problem with his intellectual functioning, he is to be placed in the custody of the department of juvenile justice for placement in training school for a period of not less than six months nor greater than his 19th birthday. He is to receive sex offender specific treatment and is to be given all educational and athletic opportunities available.

The record indicates that a predisposition report was submitted in open court at the 14 December 2010 hearing, although neither the record nor the transcript reflects at what point the trial court received and considered such report. Thus, "[i]n substance, though not in form," the trial court complied with the requirements of our Juvenile Code in proceeding to disposition of the juvenile. *In re Bullard*, 22 N.C. App. 245, 249, 206 S.E.2d 305, 308 (1974).

Additionally, the juvenile has failed to show how his disposition might reasonably have been different had the trial court followed the

**IN RE J.J.**

[216 N.C. App. 366 (2011)]

proper statutory procedure. The juvenile has not stated the existence of any evidence he was not afforded an opportunity to present that would have affected the trial court's dispositional determination. The juvenile also presented no objections at trial following the trial court's announcement of its adjudication and dispositional rulings. Rather, in response to the trial court's question of whether the defense had "anything further" at the close of the hearing, counsel simply responded by entering notice of appeal as to all of the trial court's orders.

Nonetheless, as the juvenile correctly contends, and the State concedes, the trial court was required to make written findings of fact in its dispositional order. "[T]he trial court is required to make findings demonstrating that it considered the N.C.G.S. § 7B-2501(c) factors in a dispositional order entered in a juvenile delinquency matter." *In re V.M.,* ___ N.C. App. ___, ___, 712 S.E.2d 213, 215 (2011). Thus, the trial court erred in failing to include the requisite findings of fact in its dispositional order. Accordingly, we must vacate the trial court's dispositional order and remand the matter to the trial court to make the statutorily mandated findings of fact in the juvenile's written dispositional order.

### III. Release of Juvenile Pending Appeal

**[4]** Next, the juvenile contends the trial court erred in denying his release pending appeal in accordance with N.C. Gen. Stat. § 7B-2605 (2009).

N.C. Gen. Stat. § 7B-2605 provides:

Pending disposition of an appeal, the release of the juvenile, with or without conditions, should issue in every case unless the court orders otherwise. For compelling reasons which must be stated in writing, the court may enter a temporary order affecting the custody or placement of the juvenile as the court finds to be in the best interests of the juvenile or the State.

*Id.* "In other words, pending his appeal the juvenile must be released unless the judge enters a written order to the contrary, stating the reasons for commitment pending appeal." *Bass,* 77 N.C. App. at 117, 334 S.E.2d at 783.

In the present case, at the close of the 14 December 2010 hearing, counsel for the juvenile asked the court to grant release of the juvenile pending his appeal. The trial court denied release of the juvenile pending appeal in open court. In the Appellate Entries, the trial court

IN RE J.J.

[216 N.C. App. 366 (2011)]

denoted neither that the juvenile would be released pending appeal nor that the juvenile's release is denied. Neither box is checked on the form. In addition, in the space provided on the Appellate Entries form for listing compelling reasons why release is denied, the trial court simply denoted "NA". Rather, the trial court entered a secure custody order for the juvenile following the 14 December 2010 hearing. However, there are no written compelling reasons stating why the juvenile should not be released pending his appeal denoted on the trial court's order for secure custody. The trial court only checked a box finding direct contempt by the juvenile as grounds for the order. We note there is no evidence in the record to support this finding. Accordingly, the trial court failed to state any compelling reasons in writing why the juvenile should not be released pending his appeal. Therefore, under section 7B-2605, the juvenile should have been released.

We note that "this error by the trial court has no effect on the juvenile's adjudication or disposition." *In re J.L.B.M.*, 176 N.C. App. 613, 628, 627 S.E.2d 239, 249 (2006). In addition, " 'we are aware of the likelihood that the passage of time may have rendered the issue of [the] juvenile's custody pending appeal moot.' " *Id.* (quoting *In re Lineberry*, 154 N.C. App. 246, 256, 572 S.E.2d 229, 236 (2002)). Nonetheless, we must vacate the order denying the juvenile's release pending appeal and remand the matter to the trial court for findings as to the compelling reasons for denying release.

### IV.  Conclusion

We find no prejudicial error occurred as to the juvenile in the trial court's conduct of the delinquency proceedings in the present case. Although the trial court failed to conduct the delinquency proceeding in a bifurcated manner as contemplated by our Juvenile Code, the trial court nonetheless protected the statutory and constitutional rights of the juvenile during the entire proceeding. The juvenile has not stated the existence of any evidence he was not afforded an opportunity to present that would have affected the trial court's adjudication and dispositional determinations. Further, the juvenile presented no objections at trial following the trial court's announcement of its adjudication and dispositional rulings.

However, because both the adjudication and dispositional orders in the present case fail to state any written findings of fact as mandated by our Juvenile Code, we must remand the case to the trial court for entry of the statutorily mandated written findings of fact in the juvenile's adjudication and dispositional orders. We note that on

remand, the trial court retains the discretion to take additional evidence if the need arises in making the requisite findings of fact in its written adjudication and dispositional orders. In addition, although the issue of the juvenile's custody pending appeal may have been rendered moot, we must likewise remand the matter to the trial court for entry of written findings as to the compelling reasons for denying the juvenile's release pending appeal.

No prejudicial error in part; vacated and remanded in part.

Judges HUNTER (Robert C.) and STEELMAN concur.