An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-565

NORTH CAROLINA COURT OF APPEALS

Filed: 15 April 2014

IN THE MATTER OF:

Mecklenburg County

A.F.                                     No. 11 JB 212

Appeal by juvenile from orders entered 3 July 2012 and 8 October 2012 by Judge Regan A. Miller in Mecklenburg County District Court.  Heard in the Court of Appeals 21 November 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General Lora C. Cubbage, for the State.*

> *Don Willey for juvenile-appellant.*

GEER, Judge.

A.F., a juvenile, appeals from a disposition order committing him to the Department of Juvenile Justice following his violation of the terms of his probation after he was adjudicated delinquent.  The juvenile's sole argument on appeal is that the trial court's written finding that the juvenile has a history of "AWOL behavior" does not constitute a "compelling reason" within the meaning of N.C. Gen. Stat. § 7B-2605 (2013)

sufficient to justify the denial of his release pending his appeal of his disposition order.

Because the juvenile has failed to make any argument regarding the underlying disposition order, he cannot show that he was prejudiced in any way by the denial of his release pending an appeal that he has effectively abandoned. In any event, we hold that under the facts of this case, the trial court's written finding complied with N.C. Gen. Stat. § 7B-2605. Accordingly, we affirm.

<u>Facts</u>

On 19 September 2011, the juvenile entered an admission to three class H felonies and a misdemeanor and was adjudicated delinquent. He was sentenced as a level two offender and placed on probation for 12 months. On 6 December 2011, the juvenile admitted to committing financial card transaction theft and was again adjudicated delinquent. By request of the court counselor, no disposition was entered. Instead, the juvenile continued on probation according to the terms of the 19 September 2011 disposition order.

On 31 May 2012, the juvenile's court counselor filed a motion for review alleging that the juvenile had violated the terms and conditions of his probation by leaving his foster home without cause or permission on 27, 28, and 30 May 2012 and by

being suspended from school. At the hearing on 3 July 2012, the juvenile admitted to the violations. The trial court entered an adjudication order finding that the juvenile had violated the terms of his probation, but the court continued the disposition on the motion for review in order to monitor the juvenile's behavior and determine if remaining in the community was in his best interest.

Pending the next hearing and entry of a disposition on the motion for review, the court ordered the juvenile to continue to abide by the terms of his probation. In addition to the written order, the judge specifically warned the juvenile during the hearing that if he violated the terms and conditions of his probation, including leaving his foster home without permission, he would be detained and sent to training school.

Two months later, on 7 September 2012, the juvenile's foster mother requested to have the juvenile removed from her home due to his disrespectful behavior, constant AWOL, threats, and accusations that her husband, the foster father, had pushed the juvenile. The juvenile was placed in a different foster home on 28 September 2012.

At the disposition hearing on the motion for review conducted on 8 October 2012, the trial court considered the juvenile's predisposition report, risk assessment, and needs

assessment and heard the testimony of the juvenile, the juvenile's biological mother and father, and the court counselor. The court counselor recommended that the juvenile's "probation be terminated unsuccessful or [he] be sent to the Youth Development Center." The court counselor's report noted that although the juvenile had been doing well in his therapeutic foster care placement, the juvenile, following the 3 July 2012 hearing, began engaging in negative behaviors and on two occasions "went AWOL," leaving the home without permission and going to the Relatives, an emergency shelter for teens.

At the close of the hearing, the trial court indicated it would impose a level three disposition and "go ahead and commit him into the custody of the Department of Juvenile Justice." The juvenile gave oral notice of appeal, but did not request release pending appeal. The same day, 8 October 2012, the court filed a written disposition and commitment order.

The court filed an amended disposition order on 16 October 2012. The amended order stated the juvenile had been adjudicated delinquent on 19 September 2011 for felony breaking and entering and indicated that this constituted a violent or serious offense for which a level three disposition was authorized under N.C. Gen. Stat. § 7B-2508 (2013). The court ordered that the juvenile be committed to the Department of

Juvenile Justice and Delinquency Prevention for a minimum period of six months and an indefinite commitment thereafter not to extend past the juvenile's 18th birthday.

## Discussion

The juvenile's sole argument on appeal is that the trial court did not make sufficient findings regarding why the juvenile's release was denied pending appeal. N.C. Gen. Stat. § 7B-2605 provides:

> Pending disposition of an appeal, the release of the juvenile, with or without conditions, should issue in every case unless the court orders otherwise. *For compelling reasons which must be stated in writing*, the court may enter a temporary order affecting the custody or placement of the juvenile as the court finds to be in the best interests of the juvenile or the State.

(Emphasis added.)

"In other words, pending his appeal the juvenile must be released unless the judge enters a written order to the contrary, stating the reasons for commitment pending appeal." *In re Bass*, 77 N.C. App. 110, 117, 334 S.E.2d 779, 783 (1985). In this case, the judge marked box number three on the Appellate Entries form indicating that "[r]elease of the juvenile pursuant to G.S. 7B-2605 is denied." In the space provided to note "[c]ompelling reasons," the judge wrote "juvenile has a history of AWOL behavior." The juvenile contends that his "AWOL

behavior" does not constitute a "compelling reason" sufficient to justify his commitment pending his appeal.

The juvenile cannot, however, show that he has been prejudiced by this alleged error. This Court has recognized that although "juveniles should be afforded the protection of each of the procedural safeguards provided by the North Carolina Juvenile Code[,]" the burden is on the juvenile to show "a reasonable possibility that a different result would have been reached" but for the error. *In re Bass*, 77 N.C. App. at 115, 334 S.E.2d at 782.

In *Bass*, the juvenile argued, as in this case, that he should have been released pending appeal because the trial court failed to enter a proper order setting out compelling reasons for not releasing the juvenile during his appeal. *Id.* at 117, 334 S.E.2d at 783. Although this Court acknowledged that the trial court failed to enter the required order, the Court concluded that the juvenile had failed to show any prejudice. *Id.* The Court pointed out that the trial court's disposition ordered the juvenile's commitment based on two independent, alternative grounds. *Id.* Since the juvenile had challenged on appeal only one of those grounds, the unchallenged ground -- violation of probation -- required that he remain committed even

though he had appealed the other ground, an adjudication of delinquency based on larceny. *Id.*

Similarly, here, the juvenile has not made any arguments in his brief regarding the underlying adjudication and disposition orders. He has, effectively, abandoned his appeal of the underlying disposition order, N.C.R. App. P. 28(b)(6), and, therefore, his commitment is valid pursuant to that unchallenged order. The juvenile's argument is circular: he contends that the trial court erred in failing to release him pending his appeal of the trial court's failure to release him pending his appeal. Not surprisingly, the juvenile has failed to cite any authority or make any other showing that he was prejudiced by the alleged error given his abandonment of any challenge to the underlying disposition order.

In any event, we hold that the trial court's written finding that the "juvenile has a history of AWOL behavior" is sufficiently compelling given the record in this case. The juvenile cites no case suggesting otherwise.

The juvenile, citing only *In re J.J.*, 216 N.C. App. 366, 717 S.E.2d 59 (2011), argues that "AWOL behavior" amounts to nothing more than a finding of direct contempt, which is not a "compelling reason" under N.C. Gen. Stat. § 7B-2605. The juvenile, however, misconstrues the holding of *In re J.J.* In *In*

*re J.J.*, the trial court, at the close of the disposition hearing, orally denied release of the juvenile pending his appeal. 216 N.C. App. at 375, 717 S.E.2d at 66. The trial court then entered a secure custody order and as the basis for that secure custody order, checked the box finding direct contempt by the juvenile. *Id.* at 376, 717 S.E.2d at 66. Neither the order nor the Appellate Entries form contained any other written findings of compelling reasons for denying release. *Id.*

On appeal, this Court noted that there was no evidence in the record to support a finding of direct contempt and, therefore, concluded that the trial court had failed to meet the requirements of N.C. Gen. Stat. § 7B-2605. *Id.* Thus, the order was vacated because the sole written finding -- direct contempt -- was not supported by the record. The Court did not address whether direct contempt would suffice as a compelling reason had the finding been supported by the record. *Id.*

Here, in contrast, the record supports, and the juvenile does not challenge, the finding that the juvenile has a history of AWOL behavior. The juvenile's AWOL behavior was the basis of his probation violation in May 2012 which caused his court counselor to file a motion for review. At the 3 July 2012 hearing, the court continued the case to give the juvenile a

chance to demonstrate why remaining in the community would be in the juvenile's best interest. The court specifically warned the juvenile that a condition of his release was that he stay in his placement and that if he left without permission, he would be detained. Nevertheless, after the 3 July 2012 hearing, the juvenile left his placement without cause or permission, repeating his AWOL behavior. Under these circumstances, we cannot say that the juvenile's history of AWOL behavior was not a compelling reason to deny the juvenile's release pending his appeal within the meaning of N.C. Gen. Stat. § 7B-2605.

Affirmed.

Judges STEPHENS and ERVIN concur.

Report per Rule 30(e).